UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN DAVID GRIES,                        )
                                         )
                    Petitioner,          )
                                         )
          v.                             )          No. 1:19-cv-02556-SEB-MJD
                                         )
UNITED STATES OF AMERICA,                )
                                         )
                    Respondent.          )

### Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying Certificate of Appealability

For the reasons discussed in this Order, the motion of John Gries for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. Legal Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice" *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. Factual Background

Mr. Gries participated in an online conspiracy for almost ten years through which he shared large collections of child pornography and discussed the sexual exploitation of children. *United States v. Gries*, 877 F.3d 255, 257 (7th Cir. 2017). Members of the conspiracy "used password-protected chat rooms to privately communicate in real time and facilitate the exchange of massive personal libraries of child pornography." *Id.* A criminal complaint against Mr. Gries was filed in May 2012, and a grand jury returned a second superseding indictment naming Mr. Gries as a defendant in June 2012. *United States v. Gries*, 1:11-cr-00191-SEB-DKL-10 (hereinafter "Crim. Dkt."), dkts. 1, 200. A grand jury returned a fourth superseding indictment against Mr. Gries in July 2014. Crim. Dkt. 513.

The fourth superseding indictment charged Mr. Gries with one count of conspiracy to distribute and receive child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) ("Count 1"); one count of conspiracy to sexually exploit a child in violation of 18 U.S.C. § 2251(d)(1)(A) ("Count 2"); one count of engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g)(2) ("Count 3"); and five counts of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2)(A) ("Counts 4-8"). Crim. Dkt. 513. Counts 1, 2, and 4-8 were charged as predicate offenses under Count 3. *Id.*

A jury trial began on October 27, 2014, and lasted six days. Crim. Dkts. 591-596. The jury convicted Mr. Gries on all counts. Crim. Dkt. 598. With respect to Count 3, the jury found Mr. Gries guilty of all the predicate offenses identified in the fourth superseding indictment. *Id.* A presentence investigation report was prepared, Crim. Dkt. 650, and on June 18, 2015, the Court sentenced Mr. Gries to an aggregate term of 360 months' imprisonment, Crim. Dkts. 707, 710.

On appeal, the United States Court of Appeals for the Seventh Circuit found that Mr. Gries' convictions and concurrent sentences on all counts violated his Fifth Amendment right not to be punished twice for the same offense and remanded with instructions "to vacate either the convictions on the greater offense or the convictions on the lesser-included offenses." *Gries*, 877 F.3d at 260. The Seventh Circuit rejected Mr. Gries's challenge to the sufficiency of the evidence underlying Count 2. *Id.* It concluded that "[t]he thousands of file-sharing messages posted in this password-protected online chat room [were] easily sufficient to support" the conviction on Count 2. *Id.* Before addressing Mr. Gries's challenge to Count 2, the court noted "that the jury's special verdict [was] more than sufficient to support" the conviction on Count 3 because the "jury found that [Mr. Gries] committed multiple predicate crimes against children." *Id.* Finally, the Seventh Circuit upheld the sentence imposed by the Court against Mr. Gries's challenge that it was unreasonable. *Id.* at 261.

The Court held a re-sentencing hearing for Mr. Gries on September 11, 2018. Crim. Dkt. 821. It vacated Mr. Gries's convictions on Count 1, Count 2, and Counts 4-8, and sentenced Mr. Gries to a 336-month term of imprisonment to be followed by a life term of supervised release. *Id.*; *see also* Crim. Dkt. 824.

Mr. Gries filed this motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on June 24, 2019. Dkt. 1. The United States has responded, dkt. 8, and Mr. Gries has filed a reply, dkt. 11.

### III. Discussion

Mr. Gries argues that he is entitled to relief under § 2255 because he received ineffective assistance of counsel during both his criminal trial and his appeal. Specifically, he contends that counsel's performance was constitutionally ineffective because counsel 1) failed to challenge the

sufficiency of the evidence underlying all of the predicate offenses charged as part of Count 3; 2) failed to challenge certain jury instructions; and 3) failed to challenge the application of a four-level enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2G2.6(b)(1)(A) at sentencing.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel performed deficiently and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Delatorre v. United States*, 847 F.3d 837, 844 (7th Cir. 2017). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

The first inquiry is whether counsel's performance was constitutionally deficient. *Delatorre*, 847 F.3d at 845. This means a petitioner must show that trial counsel's performance "fell below an objective standard of reasonableness" measured by prevailing professional norms. *Strickland*, 466 U.S. at 688. The "central question" is "whether an attorney's representation amounted to incompetence under prevailing professional norms." *Delatorre*, 847 F.3d 845 (internal quotation marks and citations omitted). "An appellate counsel's performance is deficient if she fails to argue an issue that is both obvious and clearly stronger than the issues raised." *Brown v. Finnan*, 598 F.3d 416, 425 (7th Cir. 2010). "[C]ounsel is not required to raise every nonfrivolous issue on appeal." *Id.*

Second, a petitioner must show that he was prejudiced by the deficiency of counsel. *Delatorre*, 847 F.3d at 845. This means showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To establish prejudice arising from ineffective assistance of appellate counsel, a petitioner

"must show that there is a reasonable probability that the issue his appellate attorney failed to raise would have altered the outcome of the appeal, had it been raised." *Brown*, 598 F.3d at 425.

### A. Sufficiency of the Evidence

Mr. Gries alleges that he received ineffective assistance of both trial and appellate counsel because neither challenged the sufficiency of the evidence concerning all of the predicate offenses charged as part of Count 3. With respect to predicate offenses 1 and 2, Mr. Gries contends that counsel should have argued that insufficient evidence supported these offenses because there was no evidence that Mr. Gries accessed the file library servers of other members of the conspiracy or that other members of the conspiracy accessed Mr. Gries's file library server for the purpose of viewing, receiving, sharing, trading, exchanging, or distributing child pornography. *See* dkt. 1 at 13-16. He asserts that counsel also should have challenged the sufficiency of the evidence underlying the remaining predicate offenses, predicate offenses 21-28,[1] because there was no evidence that he knew the images he received or transferred were child pornography. *Id.*

#### 1. Trial counsel

Mr. Gries has not shown that trial counsel performed deficiently. After the United States presented its case-in-chief against Mr. Gries, trial counsel moved for a judgment on the evidence and argued that the United States had not met its burden of proof. *See* Crim. Dkt. 745 at 88-89. Thus, trial counsel did exactly what Mr. Gries alleges should have been done, and Mr. Gries has not satisfied his burden of showing counsel performed in a constitutionally deficient manner.

---

[1] The fourth superseding indictment named a second defendant, and this additional defendant was charged with separate predicate offenses for Count 3 (predicate offenses 3-20). *See* Crim. Dkt. 513 at 16-19. Predicate offenses 21-23 charged Mr. Gries with three incidents of distributing child pornography. *Id.* at 19-20. Predicate offenses 24-28 charged him with five incidents of receiving child pornography. *Id.* at 20-21. Predicate offenses 21-28 were also charged as separate offenses corresponding to Counts 4-8. *Id.* at 21-22.

To the extent Mr. Gries can be understood to argue that trial counsel should have presented a specific challenge to the sufficiency of the evidence against him, *see e.g.*, dkt. 11 at 7, it was not objectively unreasonable for trial counsel to elect to make a general request. The Seventh Circuit has found that a motion for judgment on the evidence that raises specific arguments waives any claims not presented in the motion. *United States v. Maez*, 960 F.3d 949, 959 (7th Cir. 2020); *see also United States v. Moore*, 363 F.3d 631, 637 (7th Cir. 2004). In contrast, a general motion "preserve[s] all possible challenges to the sufficiency of the evidence." *Maez*, 960 F.3d at 959.

This precedent is undoubtedly what led to trial counsel's decision to present a general request as she explained to the Court that "appellate courts have taught us that if we make a specific request, then that is not the particular reason that we waive that." Crim. Dkt. 745 at 89. Trial counsel chose to make a general request as part of her trial strategy. "So long as an attorney articulates a strategic reason for a decision that was sound at the time it was made, the decision 'generally cannot support a claim of ineffective assistance of counsel.'" *United States v. Lathrop*, 634 F.3d 931, 937 (7th Cir. 2011) (quoting *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005)). Trial counsel did not perform deficiently, and Mr. Gries has not established that he received ineffective assistance of counsel on this basis.

### 2. Appellate Counsel

Mr. Gries has failed to establish prejudice arising from appellate counsel's failure to challenge the sufficiency of the evidence supporting the predicate offenses charged in Count 3 during Mr. Gries's direct appeal. As noted above, to establish prejudice with respect to the performance of appellate counsel, Mr. Gries must establish "a reasonable probability that the issue his appellate attorney failed to raise would have altered the outcome of the appeal, had it been raised." *Brown*, 598 F.3d at 425.

Count 3 charged Mr. Gries with engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g). Crim. Dkt. 513 at 15-21. A child exploitation enterprise is "'a series of offenses involving child victims, comprising 'three or more separate incidents,' and committed 'in concert with three or more other persons.'" *Gries*, 877 F.3d at 259 (quoting 18 U.S.C. § 2252A(g)). Here, the United States presented sufficient evidence that Mr. Gries, was involved in three or more separate incidents, where he committed offenses involving child victims in concert with three or more persons.

The United States presented sufficient evidence for a jury to conclude that Mr. Gries engaged in a child exploitation enterprise. At trial, the United States presented evidence that Mr. Gries admitted to (1) participating in chat rooms discussing "boy lover topics" for the purpose of communicating "with one another about the exploitation of children or specifically boys or just the love of boys," (2) trading child pornography using internet relay chat, file transfer protocol, and DCC sends, and (3) communicating with at least ten other people online about child pornography. Crim. Dkt. 758 at 88-93. It also presented evidence that Mr. Gries had discussed his receipt and distribution of child pornography in chats and with individuals involved in the enterprise. Crim. Dkt. 745 at 21-22; Crim. Dkt. 758 at 154-55.

With respect to predicate offenses 21-28, the United States presented evidence that those files were received or distributed by Mr. Gries to members of the enterprise. Crim. Dkt. 745 at 25-46. In fact, it presented evidence that Mr. Gries had over 25,000 images and a couple thousand videos of child pornography in his possession. *Id.*at 46. Finally, the United States presented evidence that the child pornography exchanged by members of the enterprise included thousands of victims and that the enterprise had between five and 15 members. Crim. Dkt. 738 at 63-64.

Although this is but a small sample of the evidence presented against Mr. Gries, it is more than sufficient to support his convictions for all of the predicate offenses identified as part of Count 3, engaging in a child exploitation enterprise. Mr. Gries's admissions to law enforcement officers—which were presented as evidence at trial—undermine his current assertions that no one had access to his files and that he did not access the files of others. The evidence discussed above also refutes Mr. Gries's assertions that the files he distributed and received were isolated, unsolicited events.

In light of the significant evidence presented at trial, Mr. Gries was not prejudiced by appellate counsel's failure to raise a sufficiency of the evidence argument on appeal. Mr. Gries has not established that his conviction on Count 3 would have been vacated had appellate counsel challenged the sufficiency of the evidence underlying this conviction on direct appeal.[2] Therefore, he has not satisfied his burden of showing that appellate counsel provided ineffective assistance.

**B. Jury Instructions**

Mr. Gries next alleges that trial and appellate counsel rendered ineffective assistance because neither challenged jury instructions 25 and 26. Dkt. 1 at 20-23. Relying on the Supreme Court's decision in *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994), he argues that these jury instructions did not require the jury to find that he knew that the material he was distributing or receiving was child pornography. *Id.*

Jury instructions 25 and 26 address predicate offenses 21-28. *See* Crim. Dkt. 597 at 30-33. Predicate offenses 21-23 charged Mr. Gries with distributing child pornography, and predicate offenses 24-28 charged Mr. Gries with receipt of child pornography. Crim. Dkt. 513 at 19-21. These predicate offenses allege violations of 18 U.S.C. § 2252A(a)(2)(A). *Id.*

---

[2] In fact, appellate counsel presented a double jeopardy argument on appeal that resulted in vacatur of seven of Mr. Gries's eight convictions and a lower term of imprisonment on remand. *Compare* Crim. Dkt. 710 *with* Crim. Dkt. 824.

Jury instructions 25 and 26 mirror the Seventh Circuit Pattern Criminal Jury Instructions for charges under 18 U.S.C. § 2252A(a)(2)(A). *See* Committee on Federal Criminal Jury Instructions of the Seventh Circuit, The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, at 813-14 (2020 ed.), *available at* http://www.ca7.uscourts.gov/pattern-jury-instructions/pattern_criminal_jury_instructions_2020edition.pdf (last visited Dec. 3, 2020). The Committee Comment appended to the pattern criminal jury instruction explicitly recognizes the knowledge requirement identified in *X-Citement Video*. *See id.* at 814.

Because jury instructions 25 and 26 included all of the elements identified in the pattern criminal jury instructions and the pattern criminal jury instructions explicitly reference the knowledge requirements set forth in *X-Citement Video*, neither trial counsel nor appellate counsel acted in an objectively unreasonable manner by failing to challenge these jury instructions. Mr. Gries cannot establish that he received ineffective assistance of counsel on this basis.

### C. Sentencing Enhancement

Mr. Gries lastly contends that he received ineffective assistance of counsel when trial counsel and appellate counsel failed to challenge the application of a four-level enhancement under U.S.S.G. § 2G2.6(b)(1)(A) to his base offense level for Count 3. Dkt. 1 at 24-26. He argues that this enhancement requires "physical presence and personal confrontation of an actual minor victim" and thus cannot apply to someone who receives, distributes, or possesses child pornography. *Id.*

Sentencing Guidelines § 2G2.6(b)(1) states: "If a victim (A) had not attained the age of 12 years, increase by 4 levels; or (B) had attained the age of 12 years but had not attained the age of 16 years, increase by 2 levels." U.S.S.G. § 2G2.6(b)(1) (2014). At least one appellate court and one district court have held that, in the context of § 2G2.6(b)(1), "[d]efinition as a victim in this

context requires no relationship between a possessor of child pornography and the child depicted therein." *United States v. McGarity*, 669 F.3d 1218, 1260 (11th Cir. 2012), *abrogated on other grounds as recognized by United States v. Rothenberg*, 923 F.3d 1309, 1336 (11th Cir. 2019); *see also United States v. Grovo*, No. CR 13-30-M-DWM-13, 2018 WL 3406869, *3 (D. Mont. July 12, 2018).

Additionally, to the extent Mr. Gries relies on interpretations given to similar provisions in other parts of the U.S.S.G., *see* dkt. 1 at 12, his argument is unpersuasive because those portions of the U.S.S.G. involve offenses that require physical presence or confrontation of a minor victim. *See* U.S.S.G. § 2A3.1 (2014) (guideline provision applicable to criminal sexual abuse); U.S.S.G. § 2A3.4 (2014) (guideline provision applicable to abusive sexual contact); U.S.S.G. § 2G2.1 (2014) (guideline provision applicable to sexual exploitation of a minor by production of sexually explicit visual or printed material). His offense, engaging in a child exploitation enterprise, does not require physical contact with a victim. *See* 28 U.S.C. § 2252A(g).

In light of the precedent from other courts and the apparent distinction between the offense underlying U.S.S.G. § 2G2.6(b)(1) and the other provisions cited by Mr. Gries, neither trial counsel nor appellate counsel performed in an objectively unreasonable manner by failing to challenge the application of that enhancement to Mr. Gries's base offense level for Count 3. Mr. Gries therefore cannot establish that he received ineffective assistance, and he is not entitled to relief on this basis.

### IV. Conclusion

For the reasons explained in this Order, Mr. Gries is not entitled to relief on his § 2255 motion. He has not shown that he received ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the clerk shall **docket a copy of this**

**Order in 1:11-cr-00191-SEB-DKL-10**. The motion to vacate, Crim. Dkt. [831], shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Gries has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:    _____12/07/2020_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN DAVID GRIES
80388-053
OTISVILLE - FCI
OTISVILLE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
OTISVILLE, NY 10963

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
steve.debrota@usdoj.gov

11